OPINION
Appellant Robert C. Wells was incarcerated on June 17, 1997, for non-payment of child support. He was held at a minimum security jail facility in Fairfield County.
On June 20, 1997, appellant claimed to have suffered an injury to his leg. A local emergency squad transported him to the Fairfield Medical Center Emergency Room, where he was treated and released for return to the jail. Deputy Bigham arrived at the emergency room to transport appellant back to prison. With assistance, appellant walked from the hospital to the cruiser. When the cruiser arrived back at the jail, appellant refused to attempt to exit the cruiser when asked. Deputy Bigham tried for approximately five minutes to get appellant out of the vehicle. Appellant asked for help. Deputy Bigham told him he would try to assist him, but would not be able to carry him.
Deputy Bigham radioed for assistance. Deputy Cox arrived, and the pair attempted for five to ten minutes to remove appellant from the cruiser. Captain Sanders also arrived during this time, and the three men physically removed appellant from the police cruiser. After the deputies successfully removed appellant from the cruiser, he went limp, falling to the pavement. During this time, the deputies decided to move him back into the cruiser, and take him to a different jail facility. Again, appellant refused to cooperate in their attempts to assist him back into the cruiser. Eventually, they picked him up, and placed him in the backseat of the cruiser.
When they arrived at the jail, appellant again refused to leave the cruiser. They physically took him out of the cruiser, and into the basement of the jail. When they reached the basement area, appellant again went limp, falling to the pavement. After they maneuvered him into the booking room, he began screaming at the top of his lungs, near the location where video arraignments were in process.
Eventually, with the assistance of several other deputies, appellant was successfully booked into the jail. When asked to walk to his bunk, appellant again went limp, and began screaming at the top of his lungs.
Appellant was charged with Obstructing Official Business in violation of R.C. 2921.31. Following a bench trial in the Lancaster Municipal Court, appellant was convicted as charged. He assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 A DEFENDANT IS DENIED DUE PROCESS OF LAW, AS PROVIDED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, WHEN THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE, WHERE TESTIMONY REVEALS THAT WITNESS TESTIMONY IS UNRELIABLE AND SELF-SERVING AND COMPETENT AND CREDIBLE EVIDENCE REFUTES DEFENDANT'S GUILT.
Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. State vs.Thompkins (1997), 78 Ohio St.3d 380, 387. When a Court of Appeals reverses a judgment of the trial court on the basis that the verdict is against the weight of the evidence, the Appellate Court sits as a thirteenth juror, and disagrees with the fact finder's resolution of the conflicting testimony. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
Appellant argues that he committed no affirmative act in the obstruction of the official business of the police. In addition, he argues that he was polite and cooperative throughout the process, and went limp due to the injury to his leg. He also argues that the police were punishing him for grievances he filed during his incarceration.
R.C. 2921.31(A) provides that no person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes the public official in the performance of his duties.
In the instant case, the record reflects that appellant did purposely obstruct the deputies from returning him to the jail. The record reflects that appellant was able to walk with assistance to the cruiser from the hospital. The evidence further reflects that the treating physician at the hospital did not find the injury to be serious, but merely recommended warm compresses, fluids and rest, and Advil for pain. The record reflects that despite the lack of a serious injury, and his ability to walk with assistance at an earlier time, appellant refused to exit the cruiser, and upon exiting the cruiser, went limp. The record reflects that it took three deputies twenty minutes to get appellant back into the cruiser. After transporting him to another facility, he again refused to leave the vehicle, and once again went limp while being transported to the booking area. The record reflects that upon reaching the booking area, appellant began to scream at the top of his lungs for no apparent reason. At this point, several additional deputies were required to handle appellant. Again, after the booking process was complete, appellant went limp and began screaming at the top of his lungs. This was sufficient evidence from which the court could find that appellant deliberately hindered the deputies from completing their official task of returning appellant to jail. The judgment is not against the manifest weight of the evidence.
The Assignment of Error is overruled.
The judgment of the Lancaster Municipal Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Lancaster Municipal Court is affirmed. Costs to appellant.